IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MCCORMICK, | : | CIVIL ACTION - LAW |
| EXECUTOR OF THE ESTATE OF | : | |
| JOHN MCCORMICK, DECEASED | : | JURY TRIAL DEMANDED |
| 413 PARKLAND DRIVE | : | |
| WIND GAP, PA 18091 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| DEPARTMENT OF VETERANS | : | |
| AFFAIRS MEDICAL CENTER | : | |
| 1700 SOUTH LINCOLN AVENUE | : | |
| LEBANON, PA 17042 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

NOW COMES the Plaintiff, Christopher McCormick, as Executor of the Estate of John McCormick, Deceased, by and through counsel, Abrahamsen, Conaboy & Abrahamsen, P.C., and hereby complains of the above referenced Defendant as follows:

## JURISDICTION

1. This Honorable Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1331, as this civil action arises under the laws of the United States of America.

## VENUE

2. This Honorable Court is the proper venue for the incident that is the subject matter of this Complaint because the acts and occurrences which led to this matter occurred within the jurisdiction of this Honorable Court.

3. The Plaintiff, Christopher McCormick, is an adult and competent individual and is the Executor of the Estate of John McCormick.

4. The Defendant, United States of America, Department of Veterans Affairs Medical Center, is a United States governmental agency with a principal place of business for purposes of this claim located at 1700 South Lincoln Avenue Lebanon, Pennsylvania 17042.

## FACTS

5. Plaintiff's decedent, John M. McCormick, was a fifty-nine (59) year old army veteran who died at the Hershey Medical Center on February 19, 2012.

6. Prior to his demise, Plaintiff's decedent was hospitalized inpatient at the Lebanon Veterans Administration Medical Center from January 21, 2012 through January 23, 2012.

7. Prior to his demise, Plaintiff's decedent was hospitalized at the Hershey Medical Center from January 23, 2012 to February 19, 2012.

8. On January 21, 2012, Plaintiff's decedent presented to the Lebanon Veterans Administration Medical Center for an acute nosebleed.

9. Plaintiff's decedent's nosebleed was treated by nasal packing by emergency room staff. During the packing procedure, Plaintiff's decedent became agitated.

10. As a result of Plaintiff's decedent becoming agitated, he was given five (5) separate injections of Lorazepan 2 mg. intravenously; Haldol 10 mg. by injection; Clonidine 0.2 mg. orally; followed by an additional intravenously dose of Lorazepan 4 mg. Additionally, Mr. McCormick was restrained by five (5) men from security in the emergency room staff and his hands and ankles were bound to immobilize him.

11. Following the above treatment, Plaintiff's decedent was tranquilized with Versed in a dose of 5 mg intravenously given twice. Thereafter, Plaintiff's decedent was transferred from the emergency room to the intensive care unit at the Lebanon Veterans Administration Medical Center. In the intensive care unit, Plaintiff's decedent was placed on a continuos intravenous drip of Versed. Plaintiff's decedent again became agitated and the anesthesia department was consulted. The anesthesia department recommended more of the drug Versed in lieu of elective intubation to protect the Plaintiff's decedent's jeopardized airway.

12. The aforementioned anesthesia consultation occurred on January 22, 2012 at 5:30 a.m. Over the next thirty (30) hours, until January 23, 2012 at 11:20 a.m., Mr. McCormick displayed signs of life threatening respiratory compromise on repeated occasions including but not limited to agitation, dangerously low oxygen

levels, and a sudden drop in heart rate.

13. Agitation can be a sign of respiratory compromise. Sudden drops in heart rate are an indicator of hypoxia, a sign that the brain is not receiving enough oxygen. Sudden heart rate drops are commonly seen in asphyxia or choking where air is prevented from entering a patient's lungs.

14. On the morning of January 23, 2012, Plaintiff's decedent was described as having "blood pouring from his nose down his throat." Plaintiff's decedent was also described as having an associated "strider" which is the sound that air makes a patient's breathing is being obstructed. Respiratory obstruction should have been expected from an active nose bleed that had been continuing for more than thirty (30) hours duration.

15. On January 23, 2012, at approximately 11:20 a.m., Plaintiff's decedent was intubated by the staff of the Lebanon Veterans Administration Medical Center. By that time, Plaintiff's decedent had already endured several episodes of severe hypoxia, agitation, rapid heart rate, drops in his blood oxygen level, and sudden drops in pulse rate. As a result in the delay of intubation, Plaintiff's decedent developed hypoxic encephalopathy.

16. The type of encephalopathy that Plaintiff's decedent developed was irreversible and would not be consistent with living an independent life.

17. As stated above, Mr. McCormick was transferred to the Hershey Medical

Center on January 23, 2012 where he expired on February 19, 2012

18. The carelessness and negligence of the Defendant caused the death of Plaintiff's decedent.

19. The carelessness and negligence of the Defendant consisted of the following:

(a) in deviating from the acceptable standard of care for the treatment of a nose bleed;

(b) in deviating from the acceptable standard of care for the treatment of a nose bleed with overflow blood in the throat along with signs of respiratory obstruction;

(c) in providing Versed, a powerful respiratory depressive which is known to cause respiratory arrest and hypoxic encephalopathy;

(d) in failing to timely intubate Plaintiff's decedent during his hospital course;

(e) in failing to provide assisted ventilation during Plaintiff's decedent's hospital course;

(f) in providing a dose of Versed that exceeded what was recommended for patients like Plaintiff's decedent who had just been given depressive drugs like Lorazepan.

19. The Defendant, at all times material and relevant hereto, acted through

its agents, servants, employees and/or ostensible agents working at the Department of Veterans Affairs Medical Center in Lebanon.

20. On January 22, 2014, Plaintiff timely submitted this claim by providing to the Defendant a claim for damage, injury or death form concerning the above matter as required by the Federal Tort Claims Act. A copy of said transmittal letter and claim for damage, injury or death are attached hereto and marked as Exhibit "A". To date, despite the passage of more than six (6) months as required by the Federal Tort Claims Act, the Defendant has neither accepted nor rejected Plaintiff's claim.

## COUNT I

## WRONGFUL DEATH

21. Plaintiff incorporates by reference as though the same were fully set forth herein paragraphs one (1) through twenty (20).

22. Plaintiff's decedent did not bring any action during his lifetime for the injuries described above and Plaintiff was duly appointed as Executor of the decedent's estate as described above.

23. Plaintiff brings this wrongful death action on behalf of the survivors of the Estate of John McCormick pursuant to 42 Pa.C.S.A. §8301 et seq. for all damages allowed thereunder.

24. Decedent left surviving all of the following persons entitled to recover for damages for his death and whose on behalf this accident is brought.

 (a) Christopher McCormick - brother; and

 (b) Jacqueline Godino - sister.

25. As a direct and proximate result of the negligence and carelessness of the Defendant as described above, decedent's survivors have suffered pecuniary loss.

WHEREFORE, the Plaintiff, Christopher McCormick, as Executor of the Estate of John McCormick, deceased, demands judgment in his favor and against the Defendant in an amount in excess of $75,000.00 together with interest and costs of suit.

## COUNT II

## SURVIVAL ACTION

26. Plaintiff incorporates by reference as though the same were fully set forth herein paragraphs one (1) through twenty-five (25).

27. Plaintiff's decedent did not bring any action during his lifetime for the injuries received in this incident and Plaintiff was duly appointed Executor of the Estate of John McCormick.

28. Plaintiff brings this action for all damages encompassed by the Pennsylvania Survival Act, 20 Pa.C.S.A. §3371 et seq. and 42 Pa.C.S.A. §8302 et seq.

WHEREFORE, the Plaintiff, Christopher McCormick, as Executor of the Estate of John McCormick, deceased, demands judgment in his favor and against the Defendant in an amount in excess of $75,000.00 together with interest and costs of suit.

        Respectfully submitted,

        Abrahamsen, Conaboy & Abrahamsen, P.C.

By: _____
        James J. Conaboy, Esquire
        Attorney ID Number:   77987

        1006 Pittston Avenue
        Scranton, PA 18505
        (570) 348-0200
        jconaboy@law-aca.com